In this cause the same questions arose precisely which did in the preceding case. The Court was full, which was the reason why the counsel for the plaintiffs stirred them again.
I at first thought that the deed might be read in evidence, without registration. I formed that opinion from a view of the Virginia statute on the same subject and the decisions upon it. Upon an investigation, however, I discover that there is no provision similar to the fourth section in the statute of Virginia in relation to the validity of the deed between the parties, and as to creditors and subsequent purchasers, incorporated in the statute of North Carolina, passed in 1715. By this statute registration is made expressly necessary preparatory to the passing of the legal estate to the grantee. Every deed, therefore, should be registered, because without this previous act the legal estate does not pass by the deed. The words of the Act are plain upon this subject, and the necessity of a conformity to them can not be dispensed with.
The certificate of Judge Haywood is insufficient. It does not show the capacity or State in which he acted. Perhaps, if it had appeared from the certificate that it was done in North Carolina, the probate might be viewed as legally taken and authenticated. *Page 127 
But upon this point I give no opinion, as such a case is not now before the Court. It is sufficient now to say that it does not show where it was done.
As registration is necessary to vest the legal right in the grantee, much need not be said as to the other probate. It is barely the oath of a person who proves the handwriting of the subscribing witnesses and of the grantors; the witnesses and one of the grantors being dead. The act of Assembly under which this deed could have been proved, recognized no other mode of proof but the subscribing witnesses. These requisitions can not be dispensed with.
The plaintiffs were nonsuited.